Michael B. Schaedle
Evan J. Zucker
Jennifer Malow
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000

*Counsel to the Foreign Representative*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| Lauren Spencer-Smith, | Case No. 26-11734 (pb) |
| Debtor in a Foreign Proceeding. | |

**DECLARATION OF PETER J. REARDON IN SUPPORT OF
(I) VERIFIED CHAPTER 15 PETITION, (II) MOTION OF FOREIGN
REPRESENTATIVE FOR PROVISIONAL RELIEF, AND (III) RELATED RELIEF**

I, Peter J. Reardon, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury

of the laws of the United States of America that the following is true and correct:

1.      I am over the age of 18, a citizen of Canada, and, if called upon, could testify to all

matters set forth in this declaration, except as otherwise provided herein. I hereby submit this

declaration in support of; (a) the verified chapter 15 petition of Ms. Lauren Spencer-Smith, and

(b) the *Motion of Foreign Representative for Provisional Relief,* each of which is filed concurrently

herewith.

2.      I am an Associate Counsel at Nathanson, Schachter & Thompson LLP, where I

specialize in insolvency and restructuring law, with more than 40 years of experience.

3.      If I were called upon to testify, I could and would testify competently to the

statements set forth herein.

**II.     The Bankruptcy and Insolvency Act**

4.     *The Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA")[1]

is the principal statute in Canada addressing bankruptcies, similar to Chapters 7 and 13 of the

United States Bankruptcy Code (the "Bankruptcy Code"), and also provides for reorganizations

similar to Chapter 11 of the Bankruptcy Code.

**A.     *Overview of BIA Reorganizations***

5.     A BIA proceeding may be commenced by an insolvent person in one of two ways:

     i.     by filing a document with the Official Receiver of the Office of the Superintendent of Bankruptcy (the "OSB") (a government agency somewhat akin to the U.S. Trustee), called a "Notice of Intention to Make a Proposal"; or

     ii.    by filing with a proposal trustee a proposal to the creditors of the insolvent person. The Proposal Trustee files the Proposal with the OSB.

6.     In this instance, Ms. Spencer-Smith started the proceeding by filing a proposal (the "Proposal").

7.      As a collective judicial proceeding, all known creditors with a minimum claim of

CAD$250 and other parties in interest receive notice of the Proposal's filing. Upon the filing of

the Proposal, a stay of proceedings is automatically imposed with respect to a debtor and her

property pursuant to section 69.1 of the BIA, subject to certain exceptions not relevant to the instant

proceedings.  Additionally, the stay prevents the commencement or continuation of any action,

execution or other proceedings, for the recovery of a claim provable in bankruptcy.

8.     In the case of an individual, a debtor is permitted to continue to manage her assets

and affairs, similar to a debtor-in-possession under the Bankruptcy Code.

---

[1] A true and correct of the copy of the BIA can be found on the Government of Canada's website at: https://laws-lois.justice.gc.ca/eng/acts/b-3/fulltext.html

9.      A trustee must be appointed to work with the debtor upon the filing of the Proposal (the "Proposal Trustee"). The Proposal Trustee is an independent person (or corporation), licensed by the Superintendent of Bankruptcy. The Proposal Trustee does not displace the debtor. However, the Proposal Trustee is an officer of the court and is a fiduciary to the creditors of the debtor.

10.     Generally, the Proposal Trustee works with the debtor on developing the proposal to be presented to the debtor's creditors. The Proposal Trustee has a duty to monitor and report on the debtor's affairs and to notify creditors and the court of any material adverse changes that may occur after the Proposal has been filed. In addition, the Proposal Trustee is to send notice of the filing of the Proposal and other prescribed documents to known creditors at least 10 days before the meeting of creditors to consider the Proposal is to be held.

11.     The debtor must file a cash flow statement with the Proposal. The Proposal Trustee must have reviewed the cash flow statement and certified that it is reasonable in the circumstances.

**B.      *The BIA Proposal Process***

12.     A proposal must be made to the unsecured creditors of the debtor. It may be made to the secured creditors but this is not mandatory. Where a proposal is not made to the secured creditors, the stay of proceedings ceases to apply to such creditors.

13.     Where a proposal is made to both secured and unsecured creditors, they are treated as being in separate classes. Depending on the nature of the claims or their proposed treatment in a proposal, secured creditors and unsecured creditors may be further divided into additional classes.

14.     Within 21 days after the proposal is filed, a meeting (or meetings if there is more than one class of creditors), must be held to consider and vote on the proposal. The meeting may be adjourned by ordinary resolution of the creditors at the meeting. It is the Proposal Trustee's duty

3

to call the creditors' meeting to consider the proposal. Further, at least 10 days before the proposed creditors' meeting, the Proposal Trustee must send notice to all known creditors setting forth, or otherwise including, (i) the time, date and place of the meeting (usually in the municipality where the debtor is based); (ii) a condensed statement of assets and liabilities; (iii) a list of creditors owed more than CAD$250 (including the amounts owed as listed on the debtor's books); (iv) a copy of the proposal; (v) a proof of claim form; (vi) a proxy form; and (vii) a voting letter.

15.     In order to be accepted, a majority in number and representing 2/3 in the dollar value of the unsecured creditor class (or classes if the unsecured creditors are divided into more than one class) with proven claims attending in person or by proxy, must have voted in favor of the proposal. For the purpose of determining whether the statutory approval has been reached only those creditors who actually voted (whether in person or by proxy) are counted. Creditors who cannot attend the meeting in person have the ability to vote by proxy for or against the proposal. Creditors that are related parties to the debtor cannot vote in favor of the proposal (although they can vote against it). A proposal cannot be approved over the objection of an unsecured creditor class that did not vote in favor of the proposal.

16.     If the requisite double majority (or double majorities in the case of multiple classes) is obtained in favor of the proposal, then an application is made to the court for approval of the proposal. If the court approves the proposal, it binds all creditors to whom the proposal was made. Should the court reject the proposal, or the court refuses to approve the proposal, then the debtor is deemed to have been assigned into bankruptcy.

C.     *The BIA Claims Process and Creditor Protections*

17.     To be eligible to vote on the proposal, creditors must file proofs of claim that the debtor will review with the Proposal Trustee. Creditors do have the ability to challenge other

creditors' claims. Any disputes over the amount or validity of the claim can be referred to the supervising court.

18.     Pursuant to section 108 of the BIA, the Proposal Trustee has the option to allow a claim at a meeting for voting purposes only.

### III.     The Canadian Insolvency Proceeding

19.     On June 24, 2026, Lauren Spencer-Smith (the "Debtor") commenced an insolvency proceeding (the "Canadian Proceeding") under the BIA pending before the Supreme Court of British Columbia in Bankruptcy (the "Canadian Court") by filing the Proposal pursuant to section 50 of the BIA. MNP Ltd. was appointed as the proposal trustee.

20.     The Proposal provides for a single class of unsecured creditors. The Proposal contemplates the following cash payments to unsecured creditors:

  a.     $3,076,155 CAD within 30 days of the Implementation Date (as defined in the Proposal);

  b.     $446,026.99 CAD within 60 days of the Implementation Date;

  c.     $230,218 CAD within 30 days of receipt of the TuneCore receivable;

  d.     $314,000 USD within 30 days of receipt of the LiveNation receivable;

  e.     Net proceeds of sale of the cottage (estimated at $750,000 CAD) within one year of the Implementation Date; and

  f.     100% of the Debtor's surplus earnings for a period of five years, with total payments under the Proposal not to exceed $5,500,000 USD.

21.     The next day, on June 25, 2026, the Office of Superintendent of Bankruptcy Canada issued a Certificate of Filing of a Notice of Intention to Make a Proposal - Section 62 (the "Certificate of Filing") that, pursuant to subsection 69.1(1) of the BIA, stayed all proceedings against the Debtor and her assets. *See Declaration of Lauren Spencer-Smith, Pursuant to 11 U.S.C.*

5

*§ 1515 and in Support of Verified Petition, Recognition Hearing, and Motion for Provisional Relief* (the "Foreign Representative Declaration"), Ex. A.

22.     On June 30, 2026, MNP Ltd., as proposal trustee, submitted the *Report of Trustee on Proposal* (the "Report") recommending acceptance of the Proposal, finding that "[i]n the Trustee's opinion the Proposal will provide a more certain and significantly greater return to creditors." *See* Foreign Representative Declaration, Ex. B.

23.     A meeting of creditors to consider the Proposal occurred on July 13, 2026 at 10:00 a.m. (Pacific Time) and has been adjourned, at the request of the David Ehrlich and his affiliated entities, to August 14, 2026, to further consider the Proposal and to determine whether a consensual resolution on the Proposal can be achieved.

24.     On July 14, 2026, the Canadian Court granted an Order (the "Foreign Representative Order"), inter alia, (a) authorizing the Debtor to act as her own foreign representative, and (b) authorizing the Foreign Representative to apply to the United States Bankruptcy Court for relief pursuant to chapter 15 of the Bankruptcy Code. *See* Foreign Representative Declaration, Ex. C.

[*Remainder of Page Intentionally Left Blank*]

6

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed this 21st day of July, 2026 in ~~Vancouver, Canada.~~ Charlottetown, Prince Edward Island,

_Peter J. Reardon_

7