Michael B. Schaedle
Evan J. Zucker
Jennifer K. Malow
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LAUREN SPENCER-SMITH,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br>Case No. 26-11734 (pb) |

<u>**MOTION OF FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF**</u>

# TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE ........................................................................................... 1

BACKGROUND ................................................................................................................ 2

REQUEST FOR RELIEF ................................................................................................... 4

BASIS FOR RELIEF ......................................................................................................... 5

I.      Governing Law .................................................................................................... 5

II.     The Requested Relief Is Urgently Needed to Protect the Debtor's Assets
        and the Interests of the Estate ............................................................................. 8

III.    The Requested Relief Meets the Standards for a Preliminary Injunction ........... 9

        A.      The Foreign Representative Is Likely To Succeed On The Merits ...................... 10

        B.      There Will Be Irreparable Harm If an Injunction Is Not Issued .......................... 11

        C.      The Balance Of Harms Weighs Heavily In Favor Of Granting The
                Provisional Relief ................................................................................................... 14

        D.      The Public Interest Favors Granting the Requested Injunctive
                Relief ...................................................................................................................... 15

        E.      No Security Is Required ......................................................................................... 16

IV.     All Parties Are Sufficiently Protected ................................................................. 16

NOTICE ........................................................................................................................... 17

NO PRIOR REQUEST ..................................................................................................... 17

CONCLUSION ................................................................................................................. 18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CT Inv. Mgmt. Co. v. Cozumel Caribe. S.A. de C.V.*,
482 B.R. 96(Bankr. S.D.N.Y. 2012)................................................................................16

*Cunard S.S. Co. v. Salen Reefer Servs. AB*,
773 F.2d 452 (2d Cir. 1985)..........................................................................................15

*In re Alert Holdings, Inc.*,
148 B.R. 194 (Bankr. S.D.N.Y. 1992).............................................................................14

*In re Americanas S.A.*,
No. 23-10092 (MEW) (Bankr. S.D.N.Y. Jan. 27, 2023) ...................................................6

*In re Andrade Gutierrez Engenharia S.A.*,
645 B.R. 175 (Bankr. S.D.N.Y. 2022).............................................................................11

*In re Artimm*,
278 B.R. 832,837 (Bankr. C.D. Cal. 2002)......................................................................17

*In re Atlas Shipping A/S*,
09-10314 (MG) (Bankr. S.D.N.Y. Jan. 27, 2009) ............................................................7

*In re Atlas Shipping A/S*,
404 B.R. 726 (Bankr. S.D.N.Y. 2009).............................................................................15

*In re Beechwood Re*,
No. 19-11560 (MG), 2019 WL 3025283 (Bankr. S.D.N.Y. July 10, 2019).......................9

*In re Calpine Corp.*,
365 B.R. 401 (S.D.N.Y. 2007).....................................................................................9, 11

*In re Cogent Fibre Inc.*,
No. 15-11877 (SMB) (Bankr. S.D.N.Y. July 17, 2015) ....................................................6

*In re Gercke*,
122 B.R. 626 (Bankr. D.D.C. 1991) ...............................................................................14

*In re Giftcraft Ltd.*,
2025 Bankr. LEXIS 1350 (Bankr. S.D.N.Y. June 4, 2025)..............................................16

*In re Hanjin Shipping Co., Ltd.*,
2016 Bankr. LEXIS 3986 (Bankr. D.N.J. Sept. 20, 2016)................................................6

*In re Innua Canada Ltd.*,
No. 09-16362, 2009 WL 1025088 (Bankr. D.N.J. Mar. 25, 2009)..........................................14

*In re InterCement Brasil S.A.*,
No. 24-11226 (MG) (Bankr. S.D.N.Y. July 18, 2024) ........................................................6

*In re Iovate Health Scis. Int'l Inc.*,
673 B.R. 516 (Bankr. S.D.N.Y. 2025)...............................................................................5, 9

*In re Lines*,
81 B.R. 267 (Bankr. S.D.N.Y. 1988).................................................................................13

*In re Lupatech*,
No. 14-11559 (SMB) (Bankr. S.D.N.Y. May 28, 2014)....................................................10

*In re Lyondell Chem. Co.*,
402 B.R. 571 (Bankr. S.D.N.Y. 2009)..............................................................................9, 11

*In re Mina Tucano Ltda.*,
No. 22-11198 (LGB) (Bankr. S.D.N.Y. Oct. 12, 2022).....................................................6

*In re MMG LLC*,
256 B.R. 544 (Bankr. S.D.N.Y. 2000) ..............................................................................12

*In re Netia Holdings S.A.*,
278 B.R. 344 (Bankr. S.D.N.Y. 2002)...............................................................................12

*In re Nw. Airlines Corp.*,
No. 05-17930 (ALG), 2008 WL 630449 (Bankr. S.D.N.Y. Mar. 5, 2008) ............................11

*In re Nygard*,
Case No. 20-10828 (Bankr. S.D.N.Y. November 5, 2020) ....................................................11

*In re Oak and Fort Corp.*,
No. 25-11282 (Bankr. S.D.N.Y. June 23, 2025)..................................................................6

*In re Ocean Rig UDW INC.*,
No. 17-10736 (MG) (Bankr. S.D.N.Y. Apr. 7, 2017)...........................................................6

*In re Oi S.A.*,
No. 16-11791 (SHL) (Bankr. S.D.N.Y. June 22, 2016) .....................................................6, 10

*In re Oi S.A.*,
No. 23-10193 (JPM) (Bankr. S.D.N.Y. Feb. 8, 2023)..........................................................6

*In re Petition of Brierley*,
145 B.R. 151 (Bankr. S.D.N.Y. 1992).................................................................................14

*In re Petition of Caldas*,
   274 B.R. 583 (Bankr. S.D.N.Y. 2002)...................................................................................12

*In re Petition of Garcia Avila*,
   296 B.R. 95 (Bankr. S.D.N.Y. 2003)....................................................................................12

*In re Pro-Fit Holdings Ltd.*,
   391 B.R. 850 (Bankr. C.D. Cal. 2008)..................................................................................6, 8

*In re Qimonda AG*,
   No. 09-14766-RGM, 2009 WL 2210771 (Bankr. E.D. Va. July 16, 2009)............................10

*In re Ran*,
   607 F.3d 1017 (5th Cir. 2010) ..............................................................................................7

*In re Rubin*,
   160 B.R. 269 (Bankr. S.D.N.Y. 1993)..................................................................................12

*In re Ted Banker Canada Inc.*,
   No. 24-10669 (Bankr. S.D.N.Y. April 26, 2024)....................................................................6

*In re Toft*,
   453 B.R. 186 (Bankr. S.D.N.Y. 2011)..................................................................................16

*In re Vitro*,
   455 B.R. 571 (Bankr. N.D. Tex. 2011)..................................................................................7

*Ostano Commerzanstalt v. Telewide Sys., Inc.*,
   790 F.2d 206 (2d Cir. 1986)..................................................................................................13

*Victrix Steamship Co., S.A. v. Salen Dry Cargo A.B. et al.*,
   825 F.2d 709 (2d Cir. 1987)..................................................................................................11

**Statutes**

11 U.S.C. § 101(24) ...................................................................................................................10

11 U.S.C. § 103(a) ......................................................................................................................8

11 U.S.C. § 105(a) ...............................................................................................................1, 4, 7, 8

11 U.S.C. § 362............................................................................................4, 6, 7, 8, 14, 16, 17

11 U.S.C. § 362(a) .....................................................................................................................7

11 U.S.C. § 362(d) .....................................................................................................................15

11 U.S.C. § 365(e) ...............................................................................................................5, 6, 8

11 U.S.C. § 1501........................................................................................................................1

11 U.S.C. § 1501(a) ...........................................................................................................8, 16

11 U.S.C. § 1502(4) ..............................................................................................................10

11 U.S.C. § 1515.....................................................................................................................1

11 U.S.C. § 1519.................................................................................................1, 5, 7, 16, 17

11 U.S.C. § 1519(a) ........................................................................................................5, 7, 8

11 U.S.C. § 1519(a)(3).........................................................................................................5, 6

11 U.S.C. § 1520(a)(1).......................................................................................................7, 16

11 U.S.C. § 1521....................................................................................................................1, 5

11 U.S.C. § 1521(a)(7)..........................................................................................................5, 6

11 U.S.C. § 1522(a) ...............................................................................................................16

11 U.S.C. § 1525...................................................................................................................16

28 U.S.C. § 157.......................................................................................................................1

28 U.S.C. § 157(b)(2)(P)..........................................................................................................1

28 U.S.C. § 1334.....................................................................................................................1

28 U.S.C. § 1410(1)..................................................................................................................1

28 U.S.C. § 1410(2) .................................................................................................................1

28 U.S.C. § 1410(3) .................................................................................................................1

## Other Authorities

Fed. R. Bankr. P. 7065..........................................................................................................16

H. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 116 (2005)..........................................16

Lauren Spencer-Smith ("Ms. Spencer-Smith"), a debtor (the "Debtor"), in her capacity as the authorized foreign representative (the "Foreign Representative") in her pending insolvency proceeding (the "Canadian Proceeding") under Canada's Bankruptcy and Insolvency Act (R.S.C. 1985, c. B-3 as amended) (the "BIA"), by and through her undersigned U.S. counsel moves (the "Motion") for the entry of an order after notice and an expedited hearing, seeking provisional relief substantially in the form attached hereto as **Exhibit A**, to last until such time as the recognition order may be entered and permanent stays and similar relief may be granted. Provisional relief is requested pursuant to section 1519 of the Bankruptcy Code, as set forth below.

In support of this Motion, the Foreign Representative respectfully submits the *Declaration of Peter J. Reardon in Support of (I) Verified Chapter 15 Petition, (II) Motion of Foreign Representative for Provisional Relief, and (III) Related Relief* (the "Canadian Counsel Declaration"); and the *Declaration of Lauren Spencer-Smith, Pursuant to 11 U.S.C. § 1515 and in Support of Verified Petition, Recognition Hearing, and Motion for Provisional Relief Pending Recognition of a Foreign Main Proceeding* (the "Spencer-Smith Declaration"), and states as follows:

**JURISDICTION AND VENUE**

1.      This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1410(1), (2) and (3).

3.      The statutory predicates for the relief requested herein are sections 105(a), 362, 365(e), 1519, and 1521 of the Bankruptcy Code.

## BACKGROUND[1]

4.      Ms. Spencer-Smith is a musician, songwriter, and performer, and is a dual citizen of Canada and the United Kingdom who resides in Canada. Ms. Spencer-Smith's financial difficulties stem primarily from a judgment entered against her in the stipulated amount of $2,967,554.06 plus pre-judgment and post-judgment interest, as well as attorneys' fees in an amount to be determined (the "Judgment") on May 26, 2026 for breach of management and engagement agreements (collectively, the "Agreements") entered into between Ms. Spencer-Smith and David M. Ehrlich ("Ehrlich") and also several of his entities, David M. Ehrlich Esq. P.C., d/b/a David M. Ehrlich & Associates, P.C. ("DME Associates"), and Song Collect, Inc. d/b/a DME Management ("DME Management") (collectively hereinafter, "Ehrlich Parties").

5.      On March 30, 2023, Ms. Spencer-Smith filed a complaint against the Ehrlich Parties in the United States District Court for the Southern District of New York (the "District Court"), Case No. 23-cv-2652 (LJL), asserting claims for breach of fiduciary duty, breach of the Management Agreement, breach of the Engagement Agreement, and faithless servant (the "Spencer-Smith Action," Case No. 23-02652).

6.      That same day, the Ehrlich Parties filed a separate complaint against Ms. Spencer-Smith in the District Court, Case No. 23-cv-2653 (LJL), asserting claims for breach of the Management Agreement, breach of the Engagement Agreement, declaratory judgment, and defamation (the "Ehrlich Action," Case No. 23-02653, and together with the Spencer-Smith Action, the "SDNY Actions"). The two actions were consolidated by stipulation and order on May 18, 2023.

---

[1] The background concerning the basis for this chapter 15 case, the Canadian Proceeding, and circumstances leading to the chapter 15 filing is set forth in the Spencer-Smith Declaration or the Canadian Counsel Declaration.

7.      The Ehrlich Parties and Ms. Spencer-Smith each moved for summary judgment (the "Motions for Summary Judgment").

8.      On February 5, 2026, the District Court issued an opinion, granting in part and denying in part the Motions for Summary Judgment. In relevant part, the Ehrlich Parties' motion as to the breach of contract claims was granted as to liability and denied with respect to damages, for which a trial would be held.

9.      In April 2026, the Ehrlich Parties served an order of attachment on, among others, garnishees including Broadcast Music, Inc., Entertainment Partners, LLC, GEP Talent Services, LLC and LiveNation Entertainment, Inc.

10.     On May 26, 2026, rather than proceed through a lengthy trial, the parties stipulated to the amounts and the Judgment was entered.

11.     On June 21, 2026, Ms. Spencer-Smith filed a Notice of Civil Appeal to the United States Court of Appeals for the Second Circuit appealing the District Court's February 5, 2026 Opinion and the May 26, 2026 Judgment. *See Spencer-Smith v. Ehrlich*, Case No. 26-1690 (2d. Cir) and *Ehrlich v. Spencer-Smith*, Case No. 26-1691 (2d Cir.) (collectively, the "2d Cir. Appeal"). A briefing schedule on the appeal has not yet been entered.

12.     On June 24, 2026, the Debtor filed a Proposal (the "Proposal") in the Canadian Proceeding pursuant to section 50 of the BIA. Under the Proposal, Ms. Spencer-Smith intends to pay unsecured creditors, on a pro rata basis, up to $5,500,000 over five years based on the installment payment schedule set forth in the Proposal. Since filing the Proposal, the Proposal Trustee has had an initial discussion with the Ehrlich Parties concerning the Proposal.

13.     On June 26, 2026, the Ehrlich Parties filed a motion in the District Court seeking $3,038,776.80 in attorneys' fees and $132,312.13 in costs and disbursements. Briefing on such

3

motion is still ongoing. Ms. Spencer-Smith's response deadline is currently scheduled for August 7, 2026.

14.     On July 2, 2026 the Clerk's Office for the District Court issued an Abstract of Judgment.

15.     Notwithstanding the stay imposed under section 69.1 of the BIA (*see* Canadian Counsel Declaration, ¶ 7), a Marshal's Notice of Levy and Sale, dated July 8, 2026, was served upon Live Nation Worldwide, Inc. with respect to the Judgment and on July 15, 2026, LiveNation turned over to the Marshal $314,186 (*i.e.*, the LiveNation receivable due to Lauren Spencer Smith Touring Inc. included in the Proposal in the Canadian Proceeding for distribution to creditors).

## REQUEST FOR RELIEF

16.     By this Motion, pursuant to sections 1519, 1521, and 105(a) of the Bankruptcy Code, the Foreign Representative respectfully requests that the Court enter the proposed order (the "Provisional Relief Order"), granting provisional relief, from the date of the order granting the Motion through the date of entry of an order on recognition of the Canadian Proceeding, including:

a. Applying the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code to the Debtor and her property located within the territorial jurisdiction of the United States. Without limiting the generality of the foregoing, and except as authorized by the Foreign Representative in her sole discretion, the Provisional Relief Order shall impose a stay within the territorial jurisdiction of the United States of:

    i. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor, or any of her assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtor, or any of her assets or proceeds thereof;

    ii. the enforcement, against the Debtor, or any of her property, of any judgment obtained before the commencement of this case;

    iii. any act to obtain possession of, exercise control over, or create, perfect, or enforce any lien against, any property of the Debtor; and

4

iv. any act to collect, assess, or recover a claim against the Debtor, or any of her property that arose before the commencement of this case.

b. Enjoining parties from taking any action in the United States that is otherwise inconsistent with the Canadian Proceeding;

c. Applying section 365(e) of the Bankruptcy Code with respect to the Debtor's executory contracts and unexpired leases; and

d. Providing that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the contrary, (i) the terms and conditions of the Provisional Relief Order shall be immediately effective and enforceable upon its entry, and (ii) the Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to the Provisional Relief Order.

**BASIS FOR RELIEF**

I.   **GOVERNING LAW**

17.   The requested relief is authorized by sections 1519 and 1521 of the Bankruptcy Code. Section 1519 of the Bankruptcy Code permits the Court "from the time of filing a petition for recognition until [it] rules on the petition" to grant provisional relief pending recognition of the foreign proceeding where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a). Such relief may include "any relief referred to in paragraph (3), (4), or (7) of section 1521(a)." 11 U.S.C. § 1519(a)(3); *In re Iovate Health Scis. Int'l Inc.*, 673 B.R. 516, 528 (Bankr. S.D.N.Y. 2025) ("Section 1519 of the Bankruptcy Code permits the Court to grant certain forms of provisional relief 'where relief is urgently needed to protect the assets of the debtor or the interests of the creditors.'") (internal citations omitted). Section 1521(a)(7) of the Bankruptcy Code provides that the Court may grant "any additional relief that may be available to a trustee," with exceptions not here relevant. 11 U.S.C. § 1521(a)(7). Taken together, section 1519(a)(3) and section 1521(a)(7) provides a clear basis for the application and enforcement of "any additional relief that may be available to a trustee" even on a provisional basis. *See In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 867 (Bankr. C.D. Cal. 2008) ("The court

5

concludes that sufficient authority exists under §§ 1519(a), 105(a), and 105(d) for the adoption of § 362 provisionally in these cases, to apply to all of the debtors' property in the United States pending a ruling on recognition of the foreign proceedings relating to the debtors herein."); *see also In re Hanjin Shipping Co.*, Ltd., 2016 Bankr. LEXIS 3986 (Bankr. D.N.J. Sept. 20, 2016) (applying section 362 on an interim basis to prevent attachment of maritime liens before recognition but after entry of stay in Korean proceeding, noting that Section 1519 authorizes such relief on a provisional basis). This court has routinely imposed the stay, under section 362, or ordered similar relief to maintain the status quo pending recognition or disposition of foreign proceedings in ancillary cases under both chapter 15 and former section 304.[2]  Moreover, applying section 365(e) on an interim basis to prevent termination of valuable contracts is entirely consistent with the injunctive relief afforded by the automatic stay under section 362 and has been imposed on a provisional basis in this Court.[3]

18.      The Foreign Representative seeks, through sections 1519(a)(1-3) and 1521(a)(7), application of the stay as set forth in section 362 of the Bankruptcy Code and application of section 365(e), for the purpose of maintaining the *status quo* and preventing the dissipation of any of Ms. Spencer-Smith's assets by her creditors in the United States to the immediate and material prejudice of the value of her estate and the pending Proposal in the Canadian Proceeding.

---

[2]  *See, e.g.*, *In re InterCement Brasil S.A.*, No. 24-11226 (MG) (Bankr. S.D.N.Y. July 18, 2024) (ECF No. 22); *In re Oi S.A.*, No. 23-10193 (JPM) (Bankr. S.D.N.Y. Feb. 8, 2023) (ECF No. 20) (granting a motion seeking preliminary relief during the pendency of a foreign interim proceeding); *In re Americanas S.A.*, No. 23-10092 (MEW) (Bankr. S.D.N.Y. Jan. 27, 2023) (ECF No. 17) (entering an order provisionally imposing a section 362 stay to protect the debtors' U.S.-located assets); *In re Mina Tucano Ltda.*, No. 22-11198 (LGB) (Bankr. S.D.N.Y. Oct. 12, 2022) (ECF No. 19) (same); *In re Ocean Rig UDW INC.*, No. 17-10736 (MG) (Bankr. S.D.N.Y. Apr. 7, 2017) (ECF Nos. 12, 41) (entering an ex parte temporary restraining order imposing section 362 stay and provisionally granting stay with respect to the debtors and their U.S.-located assets pursuant to section 362); *In re Oi S.A.*, No. 16-11791 (SHL) (Bankr. S.D.N.Y. June 22, 2016) (ECF No. 22) (provisionally imposing section 362 stay); *In re Cogent Fibre Inc.*, No. 15-11877 (SMB) (Bankr. S.D.N.Y. July 17, 2015) (ECF Nos. 11, 13) (entering an ex parte temporary restraining order imposing section 362 stay and provisionally imposing section 362 stay);
[3]  *See, e.g.*, *In re Oak and Fort Corp.*, No. 25-11282 (Bankr. S.D.N.Y. June 23, 2025) (ECF No. 21) (applying section 365(e) to all US contracts wo which the Debtors were a party); *In re Ted Banker Canada Inc.*, No. 24-10669 (Bankr. S.D.N.Y. April 26, 2024) (ECF No. 22) (same).

19.     Upon recognition of the Canadian Proceeding as a foreign main proceeding, the section 362 stay will automatically take effect with respect to actions against Ms. Spencer-Smith or her property within the United States pursuant to section 1520(a)(1). 11 U.S.C. § 1520(a)(1). Section 1519(a)(1) recognizes this feature of recognition and the need to maintain *status quo* in the United States by immediately authorizing this Court to stay "execution against the debtor's assets" on a provisional basis pending recognition (of course, in the instant case, the Ehrlich judgments, garnishments, and pending fee disputes all relate to execution against the Debtor's assets here). Further, section 1519(a)(2) authorizes, again on a provisional basis, the Court to "entrust administration or realization of all of . . . the debtor's assets located in the United States to the foreign representative . . . in order to protect and preserve the value of assets that are in jeopardy." Section 1519(a)(2) entrustment has been applied in a provisional context to extend the full extent of the automatic stay under section 362(a) to a foreign debtor's assets in the United States. *See In re Atlas Shipping A/S*, 09-10314 (MG) (Bankr. S.D.N.Y. Jan. 27, 2009) [D.I. 7] (provisionally entrusting to foreign representative funds located in the United States).

20.     Moreover, the Court's authority to issue provisional relief under section 1519(a) is not limited to the remedies specified in subsections (a)(1) through (a)(3),[4] and the Court may also look to section 105(a) of the Bankruptcy Code as a separate basis for fashioning relief as is necessary to protect chapter 15 debtors and their creditors.[5] *See In re Pro-Fit Holdings Ltd.*, 391

---

[4] *See, e.g., In re Ran*, 607 F.3d 1017, 1021 (5th Cir. 2010) (Sections 1519(a)(1)-(3) represent a "non-exhaustive list of relief available to a foreign proceeding's representative in a Chapter 15 case"); *In re Vitro*, 455 B.R. 571, 579 (Bankr. N.D. Tex. 2011) ("[T]he relief enumerated in section 1519 is not all-inclusive" and "[t]he plain language of section 1519 of the Bankruptcy Code does not contain a limitation on the Court's authority to issue a stay or injunction, and that is where the Court's analysis must end."); Hr'g Tr., *In re Daewoo Corp.*, No. 06-12242 (REG) (Bankr. S.D.N.Y. Oct. 11, 2006) (ECF No. 24) (interpreting section 1519(a)'s use of "including" to mean the list that follows is not exhaustive).

[5] Section 105(a) of the Bankruptcy Code, which allows this Court to, among other things, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]", is made applicable in chapter 15 cases by section 103(a) of the Bankruptcy Code. *See* 11 U.S.C. § 103(a) (applying chapter 1 to proceedings under chapter 15).

B.R. at 867 (holding that section 362 could immediately apply to chapter 15 under sections 1519(a), 105(a), and 105(d) of the Bankruptcy Code). Thus, the Court has discretion under both sections 1519(a) and 105(a) to order the requested relief in this Chapter 15 Case.

21.     The requested relief is critical to ensure that the Foreign Representative is able to collect and distribute assets for the benefit of all creditors and other interested parties. The provisional relief requested serves as an "effective mechanism" to implement the chapter 15 policies of promoting cooperation between courts of the United States and courts "of foreign countries involved in cross-border insolvency cases," as it will promote the "fair and efficient administration of cross border insolvencies that protects the interests of all creditors, and other interested entities, including" Ms. Spencer-Smith, and the "protection and maximization of the value of [Ms. Spencer-Smith's] assets," as intended by section 1501. 11 U.S.C. § 1501(a).

22.     As application of sections 362 and 365(e) has been granted to protect a number of chapter 15 debtors during the interim period preceding a recognition hearing, the Foreign Representative respectfully submits that such relief is both appropriate and necessary in this case.

## II.    THE REQUESTED RELIEF IS URGENTLY NEEDED TO PROTECT THE DEBTOR'S ASSETS AND THE INTERESTS OF THE ESTATE

23.     Provisional Relief is urgently needed here to protect Ms. Spencer-Smith's assets and to protect the interests of creditors as a whole. *See* 11 U.S.C. § 1519(a). Without the limited application of sections 362 and 365(e) of the Bankruptcy Code, there is a real and significant risk that certain creditors and other parties in interest may, upon learning of this chapter 15 case, accelerate taking actions that affect Ms. Spencer-Smith's interest in assets. *See* Spener-Smith Declaration, ¶ 17. In particular, the relief is necessary to prevent parties from executing upon their judgment at the expense of the Canadian estate and other creditors, or terminating critical

executory contracts, while the Debtor, the Ehrlich Parties, and the Proposal Trustee discuss the value maximizing Proposal in the Canadian Proceeding as required under the BIA.

24.     Absent the requested relief, the estate remains vulnerable to any number of varied and irreversible harms, particularly after the fact of this chapter 15 filing becomes public. Therefore, provisional relief is necessary to preserve value and grant comity to the Canadian Proceeding for the sake of ensuring a fair and efficient centralized restructuring -- a primary policy objective of chapter 15.

## III.    THE REQUESTED RELIEF MEETS THE STANDARDS FOR A PRELIMINARY INJUNCTION

25.     In deciding whether to grant provisional relief in a chapter 15 case, courts in this district have applied the "standards, procedure, and limitations" applicable for the entry of a preliminary injunction. *In re Iovate Health Scis. Int'l Inc.*, 673 B.R. at 528; *In re Beechwood Re*, No. 19-11560 (MG), 2019 WL 3025283, at *2 (Bankr. S.D.N.Y. July 10, 2019).

26.      A preliminary injunction should be issued where, as here, the following elements are satisfied: (i) there is a likelihood of successful reorganization; (ii) there is an imminent irreparable harm to the debtors' assets in the absence of an injunction, (iii) the balance of harms tips in favor of the moving party, and (iv) the public interest weighs in favor of an injunction. *See In re Lyondell Chem. Co.*, 402 B.R. 571, 588 (Bankr. S.D.N.Y. 2009) (citing *Calpine Corp. v. Nev. Power Co. (In re Calpine Corp.)*, 354 B.R. 45 (Bankr. S.D.N.Y. 2006) *aff'd* 365 B.R. 401 (S.D. N.Y. 2007)). In evaluating these factors, courts take a "flexible approach and no one factor is determinative." *In re Calpine Corp.*, 365 B.R. 401, 409 (S.D.N.Y. 2007) (internal citations omitted) (citing *Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, 2006 WL 3755175, at *4 (S.D.N.Y. Dec. 20, 2006)).

27.     All four elements are satisfied here.

**A.      The Foreign Representative Is Likely To Succeed On The Merits**

28.      In connection with a request for provisional relief in a chapter 15 proceeding, the Foreign Representative must show that she is likely to obtain recognition of the foreign proceeding. *In re Oi S.A.*, No. 16-11791 (SHL) (Bankr. S.D.N.Y. June 22, 2016) (ECF No. 22 at 3) ("Based on the pleadings filed to date, the [c]ourt concludes that the [p]etitioner has demonstrated a likelihood that [p]etitioner will be able to . . . obtain recognition of the [foreign proceeding.]"); *see also In re Lupatech*, No. 14-11559 (SMB) (Bankr. S.D.N.Y. May 28, 2014) (ECF No. 15 at 3) ("The [f]oreign [r]epresentative has demonstrated a substantial likelihood of success on the merits that . . . all statutory elements for recognition of the Foreign Proceeding are satisfied[.]"); *In re Qimonda AG*, No. 09-14766-RGM, 2009 WL 2210771, at *3 (Bankr. E.D. Va. July 16, 2009) ("The issue upon which [the petitioner] must prevail for an injunction to issue is whether an order of recognition will be entered . . . .").

29.      Here, the Foreign Representative is likely to succeed on the merits by obtaining recognition of the Canadian Proceeding as foreign main proceeding. For the reasons set forth in the Verified Petition, the Foreign Representative has demonstrated that the Canadian Proceeding is a foreign main proceeding, as defined in section 1502(4) of the Bankruptcy Code and that the Foreign Representative is the duly authorized foreign representative, as defined in section 101(24) of the Bankruptcy Code. *See* Verified Petition ¶¶ 37-43.

30.      Indeed, this Court has previously recognized proceedings under the BIA as foreign main proceedings under Chapter 15. *See In re Iovate Health Sciences International Inc.*, Case No. 25-11958 (MG) (Bankr. S.D.N.Y. Oct. 28, 2025) (ECF Doc. # 74); *Giftcraft Ltd. et al.*, Case No.: 25-11030 (S.D.N.Y. Bankr. June 16, 2025) (ECF Doc. # 37); *In re Nygard*, Case No. 20-10828 (Bankr. S.D.N.Y. November 5, 2020) (ECF Doc. # 71).

31.      Therefore, the Foreign Representative is likely to succeed on the merits.

10

**B.**      **There Will Be Irreparable Harm If an Injunction Is Not Issued**

32.      In the absence of the requested injunctive relief, there is a risk of immediate and irreparable harm.

33.      The Canadian Proceeding is a collective proceeding for the mutual benefit of all parties in interest. It requires that claims resolution and treatment be centralized in a single forum, under a single insolvency law, and that potentially inconsistent individual remedies be stayed until they can be resolved in accordance with applicable insolvency law principles. Accordingly, in the bankruptcy context, irreparable harm exists where the conduct to be enjoined would, if not stayed, interfere with this process. *In re Calpine Corp.*, 365 B.R. at 409 (a court may issue a "preliminary injunction in the bankruptcy context where the action to be enjoined is one that threatens the reorganization process"); *see also In re Lyondell Chem. Co.*, 402 B.R. at 590; *Victrix Steamship Co., S.A. v. Salen Dry Cargo A.B.. et al.*, 825 F.2d 709, 713-14 (2d Cir. 1987) ("The equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding; if all creditors could not be bound, a plan of reorganization would fail."); *In re Nw. Airlines Corp.*, No. 05-17930 (ALG), 2008 WL 630449, at *6 (Bankr. S.D.N.Y. Mar. 5, 2008). Courts have routinely found irreparable harm to be present when the failure to enjoin local actions would potentially disrupt the orderly administration of a foreign debtor and undermine the fair distribution of assets. *See, e.g., In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 181 (Bankr. S.D.N.Y. 2022) (granting provisional relief because allowing certain litigation in the United States to proceed risked attachment, which would cause imminent and irreparable harm to the debtors and creditor body at large because it would disrupt the Brazilian restructuring proceeding and possibly lead to inequitable recoveries among pari passu creditors); *In re Petition of Garcia Avila*, 296 B.R. 95, 114 (Bankr. S.D.N.Y. 2003) (recognizing irreparable harm if

11

creditors were permitted to pursue their individual remedies and thereby "diminish the recovery available to other creditors and possibly wreck the [foreign debtor's] reorganization efforts").

34.     As set forth above, there are pending actions against Ms. Spencer-Smith seeking to affect her property. Indeed, the Ehrlich Parties have already obtained a judgment against the Debtor and, without a stay, can seek to further execute upon their Judgment. *See* Spencer-Smith Declaration ¶¶ 12, 17. Additionally, after the Debtor commenced the Canadian Proceeding, despite the stay under the BIA,[6]  the Ehrlich Parties filed in the SDNY Action an application seeking over $3 million in fees and costs. Briefing on that application is ongoing and requires the Debtor during the pendency of her insolvency proceeding to use limited resources to respond to the application. *Cf. In re MMG LLC*, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) (noting that "forc[ing a foreign representative] to participate in expensive litigation that threatens to drain the assets of the estate" may result in irreparable harm).

35.     Case law confirms that actions which threaten to seize or dissipate a debtor's assets pose the risk of irreparable injury under the standards for injunctive relief. *See In re MMG LLC*, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) ("[I]rreparable harm exists whenever local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of other creditors."); *In re Netia Holdings S.A.*, 278 B.R. 344, 352-53 (Bankr. S.D.N.Y. 2002) (finding irreparable injury in the "dissipation of the finite resources of an insolvent estate"); *In re Petition of Caldas*, 274 B.R. 583, 598 (Bankr. S.D.N.Y. 2002) (same); *In re Rubin*, 160 B.R. 269, 283 (Bankr. S.D.N.Y. 1993) ("[T]here appears to be little dispute regarding the notion that the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury."); *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988) ("[T]he premature

---

[6]  As set forth in the Canadian Counsel Declaration, section 69.1 of the BIA provides for a stay, which among other things, prevents a creditor from taking any continuing any action for the recovery of a claim. Canadian Counsel Declaration, ¶ 7.

piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury.").

36.     Here, that risk is imminent. The Ehrlich Parties have a judgment and the stay of enforcement of such judgment, under U.S. law, expired on June 25, 2026, and the Ehrlich Parties are in the process of seeking enforcement of their Judgment notwithstanding the stay imposed under section 69.1 of the BIA. Spencer-Smieth Declaration, ¶¶ 12, 17; Canadian Counsel Declaration ¶ 7. The Foreign Representative respectfully submits that it is imperative that the Court grant the relief requested herein in order to maintain the *status quo* while the petition is pending. If this Court were to refuse to grant the relief requested herein, it would invite creditors to enforce rights and remedies against Ms. Spencer-Smith and Ms. Spencer-Smith's assets in the United States. Given the nature of her business, which is not territorial and confined to Canada, and is often conducted in the United States in various ways, such a result would irreversibly damage the Debtor/Foreign Representative's ability to marshal her limited assets for the maximum equitable benefit of all creditors in Canada and in the United States and elsewhere.[7]

37.     As noted above, adverse creditor actions of any kind will strain the Foreign Representative's limited remaining resources, disrupt the negotiations in the Canadian Proceeding concerning the Proposal, and the orderly resolution of claims in the Canadian Proceeding, undermining the authority of a Canadian court to preside over that resolution. Courts have held that disruption of such orderly resolution constitutes irreparable harm. *See In re Petition of Brierley*, 145 B.R. 151, 168 (Bankr. S.D.N.Y. 1992) ("Harm to the estate exists from the failure to

---

[7] In addition to a stay of the SDNY Action, the stay would effectively stay the 2d Cir. Appeal.  An appeal is a continuation of a judicial action or proceeding and therefore this action is automatically stayed if it is one "against the debtor." The Second Circuit has held that whether an action is "against the debtor" is determined by examining the debtor's status at the time proceedings were initiated, and not by looking to which party has appealed. Therefore, although the Ms. Spencer-Smith is currently the appellant in the 2d Cir. Appeal, this action is stayed because it was originally brought "against the debtor." *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986).

grant injunctive relief in the form of disruption of an orderly determination of claims and the fair distribution in a single case.") (internal quotation marks and citation omitted); *In re Gercke*, 122 B.R. 626, 626 (Bankr. D.D.C. 1991) ("Harm to the estate also exists in the form of disruption of an orderly determination of claims and the fair distribution in a single case."); *In re Alert Holdings, Inc.*, 148 B.R. 194, 200 (Bankr. S.D.N.Y. 1992) (holding in a chapter 11 case that "where there is a showing that the action sought to be enjoined would . . . delay or otherwise impede the reorganization proceedings or if the stay is necessary to preserve or protect the debtor's estate and reorganization prospects, the Bankruptcy Court may issue injunctive relief").

38.     Therefore, there will be irreparable harm if the provisional relief is not granted.

**C.     The Balance Of Harms Weighs Heavily In Favor Of Granting The Provisional Relief**

39.     The balance of harms also weighs in favor of granting the provisional relief and imposing the relief set forth in sections 362 and 365(e). Such relief will function to preserve the status quo pending a determination by this Court of whether the Canadian Proceeding should be recognized. *See In re Innua Canada Ltd.*, No. 09-16362, 2009 WL 1025088, at *4 (Bankr. D.N.J. Mar. 25, 2009) (finding that the temporary maintaining of the status quo pending recognition of the foreign proceedings actually served to benefit creditors "by allowing for an orderly administration of the [f]oreign [d]ebtors' financial affairs under the [foreign] [p]roceeding," tipping the balance of harms in favor of the foreign representative). Following recognition of the Canadian Proceeding as a foreign main proceeding with respect to Ms. Spencer-Smith, continuation of the stay will not bar parties from participating in the Canadian Proceeding. Further, should any creditor feel unduly burdened by the Court's granting of the requested relief, it may petition the Court for relief from the stay for "cause." *See generally* 11 U.S.C. § 362(d).

40.     Granting the requested relief would cause little if any harm to creditors. The provisional relief would only be temporary, pending the hearing on recognition. Imposition of the stay will not affect the ability of holders of claims against Ms. Spencer-Smith to assert those claims in the Canadian Proceeding. The fact that certain creditors "may be denied an advantage over the debtor's other . . . creditors is not a valid reason to deny relief to the foreign representative." *In re Atlas Shipping A/S*, 404 B.R. 726, 742 (Bankr. S.D.N.Y. 2009). In the absence of the provisional relief, the harm to Ms. Spencer-Smith's estate would be greater than any potential prejudice to some creditors that might wish to pursue individual actions in the United States in disregard of the Canadian Proceeding.

D.     **The Public Interest Favors Granting the Requested Injunctive Relief**

41.     Granting the requested provisional relief would also effectuate the public policy considerations underpinning chapter 15 and serve the public interest. Imposing the stay would further the Bankruptcy Code's general goal of avoiding piecemeal distribution and depletion of a debtor's estate and the attendant inequitable distribution of property among claimholders. *See Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 459 (2d Cir. 1985) (noting in a case under former section 304 the strong "public interest in the fair and efficient distribution of assets in a bankruptcy"). Moreover, granting the relief requested herein would promote Congress' stated purposes of chapter 15, among which are (i) to foster fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested parties, including the debtor; (ii) to protect and maximize the value of the debtor's assets; (iii) to facilitate the rescue of financially troubled businesses, thereby protecting investment and preserving employment; and (iv) to promote cooperation between the courts and court-appointed administrators in the United States with those in competent foreign jurisdictions involved in cross-border insolvency cases. *See* 11 U.S.C. §§ 1501(a) and 1525. It should be noted that the Foreign Representative understands

15

that the Proposal Trustee has no objection to the commencement of this Chapter 15 Case and supports both provisional relief sought by the Foreign Representative and recognition of the Canadian Proceeding by this Court.

#### E.   **No Security Is Required**

42.   No security is required for the provisional relief requested here as the Bankruptcy Rules do not require that the debtor post security in order to obtain injunctive relief. *See* Fed. R. Bankr. P. 7065. At any rate, security would be unwarranted in the present circumstances, as Ms. Spencer-Smith's assets are under the jurisdiction of a Canadian court and the provisional relief requested would last only until this Court's ruling on the Verified Petition, as upon its recognition of the Canadian Proceeding as a foreign main proceeding with respect the Debtor, the section 362 stay would automatically take effect. 11 U.S.C. § 1520(a)(1). *See In re Giftcraft Ltd.*, 2025 Bankr. LEXIS 1350, *37 (Bankr. S.D.N.Y. June 4, 2025) (finding security not required where debtors were under supervision of Canadian court and relief would be in place only a short time until recognition would be decided).

### IV.   **ALL PARTIES ARE SUFFICIENTLY PROTECTED**

43.   As required under section 1522(a) of the Bankruptcy Code, all parties are "sufficiently protected" by the requested provisional relief. Relief under section 1519 of the Bankruptcy Code should be denied only for a lack of sufficient protection "if it is shown that the foreign proceeding is seriously and unjustifiably injuring United States creditors." H. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 116 (2005). A determination of sufficient protection "requires a balancing of the respective parties' interests." *CT Inv. Mgmt. Co. v. Cozumel Caribe. S.A. de C.V.*, 482 B.R. 96, 108(Bankr. S.D.N.Y. 2012); *see In re Toft*, 453 B.R. 186, 196 n. 11 (Bankr. S.D.N.Y. 2011) ("[A] court should tailor relief balancing the interest of the foreign representative and those affected by the relief"). The discretion granted under this provision "typically points in

favor of granting relief to section 304 petitioners." *In re Artimm*, 278 B.R. 832, 837 (Bankr. CD. Cal. 2002) (discussing discretion to afford similar relief under chapter 15's predecessor).

44.    Here, all parties are "sufficiently protected," and the narrowly tailored relief requested herein will not impose any hardship on any parties that is not outweighed by the benefits to Ms. Spencer-Smith's estate and all parties in interest, for the reasons articulated above. The requested relief will preserve Ms. Spencer-Smith's assets in the United States for the benefit of all creditors.

45.    Furthermore, Ms. Spencer-Smith's assets are already subject to the control and jurisdiction of a Canadian court, and the section 362 stay is accompanied by its own protections and framework for modification. If creditors or litigation parties can make the requisite showing that cause exists for lifting the section 362 stay, then this Court may allow such parties to take actions against Ms. Spencer-Smith and her assets located in the United States. Accordingly, as all parties in interest are appropriately protected, the temporary relief sought here should be granted.

## NOTICE

46.    Notice of this provisional relief application will be served by email or, where email is unavailable, overnight mail to all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, or as otherwise directed by the Court. The Foreign Representative submits that no other or further notice is necessary or required.

## NO PRIOR REQUEST

47.    No previous request for the relief requested herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court grant this

Motion and enter the Provisional Order and any such other relief as this Court determines is fair

and just under the circumstances.

Dated: New York, New York
      July 23, 2026                BLANK ROME LLP

                        By:    */s/ Evan J. Zucker*
                                 Michael B. Schaedle
                                 Evan J. Zucker
                                 Jennifer K. Malow
                                 BLANK ROME LLP
                                 1271 Avenue of the Americas
                                 New York, NY 10020
                                 Telephone: (212) 885-5000

                                 *Counsel to the Foreign Representative*

18