**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                                    )        Chapter 15
                                                          )
                                                          )
　　　　Lauren Spencer-Smith,                             )        Case No. 26-11734 (PB)
                                                          )
                                                          )
　　　　Debtor in a Foreign Proceeding. )        Re: ECF No. 7
-------------------------------------------------------------x

## ORDER GRANTING PROVISIONAL RELIEF

Upon the motion (the "Motion") of Lauren Spencer-Smith (the "Foreign Representative" or "Debtor"), the debtor and foreign representative in her pending insolvency proceeding (the "Canadian Proceeding") under Canada's *Bankruptcy and Insolvency Act* (R.S.C. 1985, c. B-3 as amended) (the "BIA"), pending before the Supreme Court of British Columbia in Bankruptcy the "Canadian Court"), by and through her undersigned U.S. counsel moves (the "Motion") for provisional relief in the form of a preliminary injunction, pursuant to sections 105(a), 1507, 1519, and 1521 of the Bankruptcy Code, and upon the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Granting Further Relief* (and all exhibits appended thereto) (the "Verified Petition"), the *Declaration of Peter Reardon in Support of Verified Petition and Scheduling Recognition Hearing Motion*; and the *Declaration of Lauren Spencer-Smith in Support of Recognition and Provisional Relief*; and it appearing that, based on the circumstances, due and sufficient notice of the Verified Petition and the Motion has been given by the Foreign Representative; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

1.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such;

2.      The Foreign Representative commenced a case ancillary to a foreign proceeding on behalf of the Debtor with this Court pursuant to chapter 15 of the Bankruptcy Code;

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and venue is proper pursuant to 28 U.S.C. § 1410;

4.      This Court, pursuant to sections 105(a), 1507, 1519 and 1521 of the Bankruptcy Code, may issue any order as may be necessary or appropriate to carry out the provisions of the Bankruptcy Code, including but not limited to issuing a preliminary injunction;

5.      There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the Canadian Proceeding is a "foreign main proceeding" or, in the alternative, a "foreign nonmain proceeding," each as defined in section 1502 of the Bankruptcy Code;

6.      The Foreign Representative is the foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and has authority to administer the Debtor's assets and affairs in the United States;

7.      The Foreign Representative is entitled to the provisional relief granted herein, including the application of sections 362 and 365(e) of the Bankruptcy Code as set forth herein, pursuant to section 1519(a) of the Bankruptcy Code;

8.      The relief granted herein is necessary and appropriate to effectuate the purposes of chapter 15, to protect the Debtor and the interests of her creditors and other parties in interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code; and

9.      The Debtor's estate could suffer irreparable harm unless the Debtor's creditors, litigation counterparties (or potential litigation counterparties), and other parties in interest are preliminarily enjoined to the extent provided in this Order.

**NOW, THEREFORE**, for the reasons stated by the Court in its bench ruling at the conclusion of the July 24, 2026 hearing, **IT IS HEREBY**

**ORDERED**, that the Provisional Relief requested in the Motion pursuant to section 1519(a) of the Bankruptcy Code is granted to the extent set forth herein; and it is further

**ORDERED**, that all individuals, firms, corporations, governmental bodies or agencies, or any other entities (all of the foregoing, collectively being "Persons" and each being a "Person"), and all those acting for or on behalf of any Person, are enjoined and prohibited from taking the following actions in the United States and its territories:

a.   the commencement or continuation of any action, including the SDNY Action and 2d Cir. Appeal (each as defined in the Motion) and all other proceedings, litigations, arbitrations, appeals, mediations or any judicial, quasi-judicial, administrative or other process, relating to or affecting the Debtor or her property;

b.   any action or proceeding, directly or indirectly, to obtain possession of property of the Debtor or property from the Debtor;

c.   any act to exercise control over property of the Debtor;

d.   any act to collect, assess, or recover a claim against the Debtor;

e.   any transfer of property of the Debtor; and

f.   terminating or modifying an executory contract or unexpired lease at any time after the commencement of the Canadian Proceeding solely because of a provision in

such contract or lease is conditioned upon the commencement of the Canadian Proceeding or a case under the Bankruptcy Code, except as permitted under section 365(e)(2)

(collectively, the "Stayed Actions"); and it is further

**ORDERED**, that section 362 of the Bankruptcy Code shall hereby apply, on a provisional basis, to the same extent as the stay pursuant to section 69(1) of the BIA, as may be modified, supplemented, or amended, with respect to the Debtor and her property located within the territorial jurisdiction of the United States, *provided*, however, that to the extent section 69(1) of the BIA is modified or supplemented, the scope of this Order shall not be supplemented or modified absent further order of the Court; and it is further

**ORDERED**, that nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code; and it is further

**ORDERED**, that pursuant to section 1519(a)(3) of the Bankruptcy Code, section 365(e) of the Bankruptcy Code shall apply, on a provisional basis, with respect to the Debtor's executory contracts and unexpired leases; and it is further

**ORDERED**, that to the extent made applicable to this proceeding by Bankruptcy Rule 9014, the security provisions of Rule 65(c) of the Federal Rules be, and the same hereby are, waived pursuant to Bankruptcy Rule 7065; and it is further

**ORDERED**, that pursuant to Section 1519(a)(2), the Foreign Representative is entrusted with the administration of all or part of the Debtor's assets located in the United States, and pursuant to Section 1522 shall provide protection to the Debtor's judgment creditors by providing to counsel for the Debtor's judgment creditors and filing with the Court, on a monthly basis within five business

days of receipt of such statements, the bank or brokerage statement for the prior month for all banks and brokerage institutions that provide banking or brokerage services in the U.S., until a decision on recognition of the Canadian Proceeding; and it is further

**ORDERED**, that the stay of actions and proceedings against the Debtor provided herein shall remain in full force and effect from the date hereof until the date on which a final determination is made by this Court with respect to the Verified Petition and an order is entered in this chapter 15 case giving effect to such determination; and it is further

**ORDERED**, that this Order is without prejudice to the right of the Foreign Representative to seek additional relief under applicable provisions of the Bankruptcy Code (including, without limitation, section 1519 of the Bankruptcy Code) and without prejudice to the right to seek any remedy or to pursue any further relief; and it is further

**ORDERED**, that any party in interest may seek relief from or modification of this Order by motion or application to this Court, which may be heard on shortened notice if the circumstances warrant; and it is further

**ORDERED**, that notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may, in her discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

**SO ORDERED.**

Dated: New York, New York
July 25, 2026

/s/ Philip Bentley
Hon. Philip Bentley
United States Bankruptcy Judge